THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

HEATHER LYNN LITTIG, )
)
    Plaintiff, )
)
v. )
) No. 11-5052-CV-SW-FJG-SSA
MICHAEL J. ASTRUE, )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

**ORDER**

This is a proceeding under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., in which plaintiff requested review of the Commissioner's decision denying her application for disability benefits. Plaintiff's claims were denied initially. On May 20, 2010, an administrative law judge (ALJ) rendered a decision in which she found that plaintiff was not under a "disability," as defined in the Act. On April 14, 2011, the Appeals Council of the Social Security Administration denied plaintiff's request for review. Thus, the ALJ's decision stands as the final decision of the Commissioner. Plaintiff's appeal is before the Court on plaintiff's motion for judgment. The facts and arguments are presented in the parties' briefs and will not be repeated here.

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides for judicial review of a "final decision" of the Commissioner of the Social Security Administration under Title II. Judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g) is limited to whether there exists substantial evidence in the record as a whole to support the decision of the Commissioner. Siemers v. Shalala, 47 F.3d 299, 301 (8th Cir. 1995). This determination requires review of the entire record, including both evidence in support of, and in opposition to, the Commissioner's decision. Fountain v. Railroad Retirement Bd., 88 F.3d 528, 530 (8th Cir. 1996). The Court's role, however, is not to re-weigh the evidence

or try the issues de novo.  Craig v. Chater, 943 F. Supp. 1184, 1188 (W.D. Mo. 1996) (citing McClees v. Shalala, 2 F.3d 301, 302 (8th Cir. 1994)).  When supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed.  Richardson v. Perales, 402 U.S. 389, 401 (1971).

Substantial evidence is more that a mere scintilla but less than preponderance.  It means such evidence that a reasonable mind would accept as adequate to support a conclusion.  Johnson v. Chater, 108 F.3d 178, 179 (8th Cir. 1997), citations omitted.  The substantial evidence standard, however, presupposes a zone of choice within which the decision makers can go either way, without interference by the courts.  Clarke v. Bowen, 843 F.2d 271, 272-73 (8th Cir. 1988).  "[A]n administration decision is not subject to reversal merely because substantial evidence would have supported an opposite decision."  Id.  Hence, "if it is possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's finding, we must affirm the decision."  Roe v. Chater, 92 F.3d 672, 672 (8th Cir. 1996) (quoting Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992)).

An individual claiming disability benefits has the burden of proving he or she is unable to return to the type of work in which he or she was formerly engaged due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d) (1) (A).  If the claimant succeeds, the burden of production shifts to the commissioner to establish that plaintiff can perform some other type of substantial gainful activity in the national economy.  See Young v. Apfel, 221 F.3d 1065, 1069, n. 5 (8th Cir. 2000); see also, 68 Fed. Reg. 51,153 - 51,163 (August 26, 2003); 20 C.F.R. § 404.1560(c)(2).

The Court has reviewed the parties' briefs, the decision of the ALJ, the transcript of the hearing and the additional medical and documentary evidence.  In this case, the Court cannot find substantial evidence on the record to support the commissioner's decision.  Specifically, the Court finds the ALJ erred in failing to explain why he gave significant weight to the opinion of Brian Briggs, MD, but then did not adopt several of the limitations

2

set forth by Dr. Briggs.  In particular, Dr. Briggs opined that Ms. Littig was limited to <u>no</u> climbing, balancing, crouching, kneeling, and crawling due to the instability of her right knee, but the ALJ found plaintiff was limited to <u>occasional</u> climbing, balancing, crouching, kneeling, and crawling.  The Court agrees with plaintiff that plaintiff's residual functional capacity either ought to be limited to no climbing, balancing, crouching, kneeling and crawling, or the ALJ should explain why he is disregarding that portion of Dr. Briggs' opinion.  Furthermore, the ALJ failed to consider what impact plaintiff's obesity had on her other impairments, pursuant to SSR 02-01p.

The Court finds that the appropriate course is to reverse and remand for further proceedings consistent with this Order.

Therefore, for the foregoing reasons, it is **ORDERED** that plaintiff's motion (Doc. No. 7) is **GRANTED.**  The decision of the Commissioner is reversed and this case is remanded pursuant to 42 U.S.C. § 405(g)(4) for further proceedings consistent with this Order.

<u>/S/ FERNANDO J. GAITAN, JR.</u>
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated: <u>March 2, 2012</u>
Kansas City, Missouri